**Khoshim VAFAEV, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0376–ag.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

---

52

Tatiana S. Aristova, Khavinson & Associates, P.C., Trevose, PA, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General;  John S. Hogan, Senior Litigation Counsel;  Rosanne M. Perry, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Koshim Vafaev, a native and citizen of Uzbekistan, seeks review of a December 26, 2007 order affirming the February 21, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Koshim Vafaev,* No. A76 882 211 (B.I.A. Dec. 26, 2007), *aff'g* No. A76 882 211 (Immig. Ct. N.Y. City Feb. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

## I. Asylum

█ As an initial matter, we do not have jurisdiction to review the IJ's determination that Vafaev failed to establish exceptional or changed circumstances that would excuse his failure to file his asylum application before the one-year filing deadline. 8 U.S.C. § 1158(a)(3). Vafaev argues that the Immigration Court's delay in scheduling a Master Calendar hearing prevented him from filing his asylum application, resulting in a due process violation. This argument, however, is merely a "resort to the terms conventionally used in describing constitutional claims and questions of law" to "quarrel[ ] over the correctness of fact-finding." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 331 (2d Cir.2006). We lack jurisdiction to review such arguments. *Id.* Vafaev's argument that the IJ erred in failing to find that the arrest of a political activist in Uzbekistan constituted a change in country conditions is even more clearly "a quarrel about [the IJ's] fact-finding," and we lack jurisdiction to consider it. *Id.* at 330. Accordingly, to the extent Vafaev challenges the pretermission of his untimely asylum application, we dismiss the petition for review.

## II. Withholding of Removal

█ We also find that the IJ properly denied Vafaev's application for withholding of removal, which is not subject to the one-year bar. Vafaev argues that the IJ erred in finding that he did not suffer past persecution, citing alleged incidents of "discrimination, loss of employment, threats to his freedom, [and the] kidnaping of his child."

With respect to the mistreatment he endured in the workplace, while the BIA has held that discrimination can, in extraordinary cases, be so severe and pervasive as to constitute persecution, *see In re Salama,* 11 I. & N. Dec. 536, 536 (B.I.A. 1966), this is not such a case, where Vafaev testified only that he was forced to tolerate derogatory remarks and eventually lost his job. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (noting that "persecution does not encompass mere harassment"). To the extent that Vafaev claims that his job loss resulted in economic harm that rises to the level of persecution, we disagree. We cannot find that being unemployed for eleven months and having to live off his savings amounts to persecution. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002) (applicant must show a "deliberate imposition of a substantial economic disadvantage"); *see also Matter of T–Z–,* 24 I. & N. Dec. 163, 170–71 (B.I.A.2007).

Vafaev's alleged beating and subsequent detention present a closer question. As we have noted, the difference between harassment and persecution is one of degree, which must be assessed with regard to the context in which the mistreatment occurs. *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). Under the standard we established in *Beskovic,* even a "minor" beating in detention may rise to the level of persecution. *Id.* However, the beating Vafaev described did not occur in the context of detention; rather, he testified that he was beaten by police who were trying to break up a demonstration in which he was participating. While he was detained, he does not claim to have been beaten or otherwise mistreated in detention. Thus, on this record, we cannot find that Vafaev's beating rose to the level of persecution.

Similarly, the alleged kidnaping of Vafaev's daughter does not constitute persecution, where she was briefly held in school, treated well, and told that policemen, accompanied by the principal's secretary, would take her home. While this event was no doubt distressing to Vafaev, it is an instance of harassment and not persecution. *Ivanishvili,* 433 F.3d at 340–41.

Vafaev correctly notes that in evaluating his past persecution claim, the IJ was required to consider all of these events cumulatively, rather than addressing the severity of each event in isolation. *See Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005). However, there is nothing in the record that suggests that the IJ failed to do so in this case. Accordingly, the IJ's finding that Vafaev failed to establish that he suffered past persecution is supported by the record. *See* 8 U.S.C. § 1252(b)(4)(B).

The IJ also properly found that Vafaev did not establish a likelihood of persecution in the future. Vafaev testified that he did not come to the United States with the intention of seeking asylum, but instead that he began to fear return when he discovered that Mr. Rajabov, a pro-democracy activist, was arrested, along with "many of [his] friends and colleagues," and that security officers had recently gone to Vafaev's home to inquire as to his whereabouts. These allegations are insufficient to establish that it is more likely than not that Vafaev will be persecuted in the future. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (holding that substantial evidence supported the BIA's determination that there was no well-founded fear of persecution based on the acts of a family member).

Because the record does not compel the conclusion that Vafaev has a well-founded fear of persecution, the IJ's denial of withholding of removal was proper. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. Gonzales,* 424 F.3d 122, 128 (2d Cir.2005) ("[A]n applicant unable to demonstrate eligibility for asylum cannot demonstrate eligibility for withholding of removal."). Accordingly, we need not consider the IJ's finding that Vafaev failed to establish a nexus between the harm he suffered and a protected ground.

## III. CAT Relief

Finally, we find that the IJ's denial of CAT relief is supported by substantial evidence. Vafaev argues that because the IJ found him credible, and because he stated that he will be targeted and tortured for his past activities and associations, the IJ erred in denying him CAT relief. However, Vafaev does not point to anything in the record that compels a conclusion contrary to the IJ's that he failed to establish that it is more likely than not that he will be tortured. Therefore, the IJ's denial of CAT relief is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion for a stay of voluntary departure, which the government has not opposed, is GRANTED retroactive to January 22, 2008, the date the motion was filed. *See Deu Thapa v. Gonzales,* 460 F.3d 323, 324–25 (2d Cir. 2006) (holding that the Court has the authority to stay an order of voluntary departure). However, as we have completed our review, the stay is lifted and the voluntary departure period continues to run as of the date this order is filed. The pending motion for a stay of removal in this petition is DISMISSED as moot.